**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 14-cr-40129-05-DDC** |
| **BRYAN WURTZ, JR. (05),** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Defendant Bryan Wurtz, Jr. has filed a motion asking the Court to sever and try his case separately from his codefendants (Doc. 73).  Wurtz advances two arguments to support his request for a separate trial.  First, he contends that a joint trial will deprive him of a speedy trial, as required by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. ("STA").  Second, Wurtz asserts that a joint trial will prejudice him because evidence offered against his codefendants may have a "spill-over" effect and bolster the government's case against him.  Wurtz also has filed a motion (Doc. 143) asking the Court to strike a reply filed by the government on September 29, 2015 (Doc. 141).  The government has filed responses opposing both motions (Docs. 82, 144).  After considering the parties' arguments, the Court grants Wurtz's motion to strike and denies his motion to sever.

## I.       Wurtz's Motion to Strike

On September 2, 2015, the parties appeared for a status and scheduling conference.  At that conference, the government cited three cases not included in its August 14, 2015 response to Wurtz's motion to sever (Doc. 82).  Two days later, on September 4, the Court issued an Interim Scheduling Order (Doc. 126).  The Order, in relevant part, permitted Wurtz to file a reply

1

addressing the government's additional cases no later than September 9.  The Order also provided that the Court, on September 9, would "treat the motion [to sever] as submitted for decision and take it under advisement with a written order to follow."  *Id*. at 2.  The government filed its "Reply to Defendant's Response to Additional Caselaw" (Doc. 141) on September 29.

Wurtz urges the Court to strike the government's reply because the Court's Interim Scheduling Order did not authorize its filing.  He also asserts that even if the Court's Order permitted one, the government filed its reply out of time under D. Kan. Rule 6.1(d)(1).  In addition, Wurtz contends that "at least half of the government's reply (pages 4-7) argues in response to Wurtz's request for a James hearing."  Doc. 143 at 2.  The government responds that it filed the reply "on September 29, 2015 (Doc. 141), long before October 14, 2015, the date for filing responses to motions."  Doc. 144 at 3.  The government argues that the Court "was silent as to any government response or reply" at the status and scheduling conference on September 2.  Doc. 144 at 3.  Alternatively, the government asks the Court to excuse its failure to file the reply within the time afforded by D. Kan. Rule 6.1(d)(1) "because it was the result of inadvertence and mistake."  Doc. 144 at 5.

The Court's Interim Scheduling Order permitted Mr. Wurtz to respond to the additional legal authority cited by the government no later than September 9.  The Order also stated explicitly that on September 9, the Court would consider Wurtz's motion submitted and take it under advisement.  Thus, the Order did not call for or permit responsive briefing by either party after September 9.  The Court therefore grants Wurtz's motion to strike the government's reply.

II.     **Wurtz's Motion to Sever**

a.  **Motion to Sever Standard**

Fed. R. Crim. P. 8(b) allows the government to charge two or more defendants in a single indictment if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The Tenth Circuit "construe[s] Rule 8 broadly to allow liberal joinder to enhance the efficiency of the judicial system." *United States v. Johnson*, 130 F.3d 1420, 1427 (10th Cir. 1997) (citing *United States v. Janus Indus.*, 48 F.3d 1548, 1557 (10th Cir. 1995)).  Even so, Rule 8(b)'s joinder guidelines are subject to the limitations imposed by Rule 14(a), which provide, as relevant here:  "If the joinder of . . . defendants . . . in an indictment . . . appears to prejudice a defendant . . . the court may sever the defendants' trials." Fed. R. Crim. P. 14(a).  When deciding a motion to sever, the Court must weigh any prejudice to the defendant "against the important considerations of economy and expedition in judicial administration."  *United States v. Mabry*, 809 F.2d 671, 681 (10th Cir. 1987), *overruled on other grounds by Mathews v. United States*, 485 U.S. 58 (1988). To carry the "'heavy burden'" required to prevail on a severance motion, a "'defendant must demonstrate actual prejudice [from the failure to sever].'"  *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996) (quoting *United States v. Wacker*, 72 F.3d 1453, 1468 (10th Cir. 1995)). And "Rule 14 leaves the determination of risk of prejudice and any remedy for such prejudice to the sound discretion of the district court."  *United States v. Rodriguez-Aguirre*, 108 F.3d 1228, 1234 (10th Cir. 1997) (citing *Zafiro v. United States*, 506 U.S. 534, 541 (1993)).

b.  **A joint trial will not deprive Wurtz of his rights under the Speedy Trial Act.**

The STA requires that "the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making

public) of the . . . indictment." 18 U.S.C. § 3161(c)(1).  "Certain periods of delay, outlined in detail in the STA, are excluded and do not count toward the seventy-day limit." *United States v. Apperson*, 441 F.3d 1162, 1178 (10th Cir. 2006) (citing 18 U.S.C. § 3161(h)(1)-(9)).  Among those periods, the STA excludes delays "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).  The STA also excludes delays "reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  18 U.S.C. § 3161(h)(1)(H).  But the filing of a superseding indictment charging a criminal defendant with additional offenses does not toll the STA.  *See Apperson*, 441 F.3d at 1178 (citing *United States v. Bermea*, 30 F.3d 1539, 1567 (5th Cir. 1994) ("The filing of a superseding indictment does not affect the speedy trial clock for offenses charged in the original indictment . . . .")).

Wurtz asserts that his speedy trial clock has run continuously since July 14, 2015, when the Court granted his request for a pretrial *James* hearing in Case No. 14-40133.  Wurtz contends that on July 14, only 51 days remained on his speedy trial clock and, therefore, the STA required that he stand trial no later than September 3.

Wurtz's calculation of his speedy trial clock fails to account for several periods of excludable time under the STA.  Indeed, the record indicates that no period of non-excludable time has elapsed since April 29.  Wurtz's speedy trial clock paused on April 29, when he filed a Motion for Pretrial *James* Hearing (Doc. 21) in Case No. 14-40133.  *See United States v. Gutierrez*, 48 F.3d 1134, 1136 (10th Cir. 1995) ("[T]his period—from the filing of the motion

4

through the time of the actual *James* hearing—is excusable delay under [§ 3161(h)(1)(D)]."[1]).

By itself, Wurtz's motion stopped his speedy trial clock until the Court dismissed the indictment

in Case No. 14-40133 on August 19.  *See* Doc. 44.  But, on August 10, Wurtz filed his Motion to

Sever in this case, which continued to toll the speedy trial clock until the date of this Order under

§ 3161(h)(1)(D) and (H).

       In addition, on October 2, the Court granted two motions to continue trial until January 5,

2016, filed by Wurtz's codefendants, George Alvarado (Doc. 131) and Nicholas Soto-Arreola

(Doc. 132).  Under § 3161(h)(7), an "exclusion for delay 'attributable to one defendant is

applicable to all codefendants.'"  *United States v. Vogl*, 374 F.3d 976, 983 (10th Cir. 2004)

(quoting *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 915 (10th Cir. 1989), *abrogated

on other grounds by Bloate v. United States*, 599 U.S. 196 (2010)).  Specifically, § 3161(h)(7)

excludes "a reasonable period of delay when the defendant is joined for trial with a codefendant

as to whom the time for trial has not run and no motion for severance has been granted."  The

Court must consider "'all relevant circumstances'" when determining whether a STA exclusion

attributable to a codefendant is reasonable.  *Id*. (quoting *United States v. Theron*, 782 F.2d 1510,

1514 (10th Cir. 1986)).  To that end, our Circuit has provided three factors to guide district

courts when examining the relevant circumstances:  (1) "whether the defendant is free on bond,"

(2) "whether the circumstances further the purpose behind the exclusion to 'accommodate the

efficient use of prosecutorial and judicial resources in trying multiple defendants in a single

trial[,]'" and (3) "whether the defendant zealously pursued a speedy trial[.]"  *Vogl*, 374 F.3d at

984 (quoting *United States v. Olivo*, 69 F.3d 1057, 1061-62 (10th Cir. 1995)).

---

[1]     In 2008, Congress amended the STA and renumbered 18 U.S.C. § 3161(h)(1)(F) as 18 U.S.C. §
3161(h)(1)(D).  *See* Judicial Administration and Technical Amendments Act of 2008, Pub. L. No. 110-
406, § 13, 122 Stat. 4291 (2008).

Applying these factors, a delay of Wurtz's trial until January 5, 2016, is reasonable. First, Wurtz is free on release. As noted by the Tenth Circuit, this factor "is an 'important one' weighing in favor of finding a 'reasonable' delay under subsection (h)(7)." *Vogl*, 374 F.3d at 984 (quoting *United States v. Tranakos*, 911 F.2d 1422, 1426 (10th Cir. 1990)). Second, the government has alleged that "Wurtz and his alleged co-conspirators engaged in a *Pinkerton* conspiracy to distribute methamphetamine" and "[a]ll evidence available to the government will be equally necessary in joint or separate trials." Doc. 82 at 25-26. Thus, a joint trial satisfies the purpose of § 3161(h)(7) and ensures the efficient use of prosecutorial and judicial resources. *See Tranakos*, 911 F.2d at 1426 ("Where the government will recite a single factual history, put on a single array of evidence, and call a single group of witnesses, a single trial is preferred."). Third, while the Court finds that Wurtz has asserted his rights under the STA, that fact, by itself, does not make the delay unreasonable. *See Vogl*, 374 F.3d at 984 (holding a delay under § 3161(h)(7) was reasonable despite defendant's pursuit of a speedy trial). Wurtz, as his right, has chosen to pursue a variety of issues and present them in motions that have slowed the case's process. Taken together, these facts lead the Court to conclude that excluding time from Wurtz's speedy trial clock attributable to the continuance granted his codefendants is reasonable. And because no time has elapsed from his speedy trial clock after April 29, a joint trial beginning on January 5, 2016, will not violate Wurtz's rights under the STA. The Court therefore denies Wurtz's motion on this point.

### c. An alleged "spill-over" effect from evidence offered against codefendants does not warrant severance.

Next, Wurtz urges the Court to sever his case because evidence offered against his codefendants may have a "spill-over" effect that will bolster the government's case against him. Wurtz contends that the evidence the government will offer against him consists of only "a few

telephone calls and minor surveillance." Doc. 73 at 10. In contrast, Wurtz points to the government's case against one of his codefendants, Nicholas Soto-Camargo, Jr., and argues: "Mr. Soto-Camargo's case is complex and discovery relevant to him is voluminous, consisting of an investigation lasting almost two years, controlled buys, extensive surveillance, multiple wiretaps, guns, and allegations of gang membership." *Id*. at 9-10. Wurtz asserts that a joint trial will prejudice him because the evidence offered against Soto-Camargo, Jr. may confuse the jury and spill-over into the government's case against him.

Wurtz has failed to demonstrate that failing to sever his case will produce actual prejudice. The Tenth Circuit has held that "'[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence . . . against a co-defendant . . . is sufficient to warrant severance.'" *United States v. Powell*, 982 F.2d 1422, 1432 (10th Cir. 1992) (quoting *United States v. Hack*, 782 F.2d 862, 870 (10th Cir. 1986)). And "when sufficient evidence is presented to connect the defendant to the conspiracy charged, his argument that severance is required due to the overwhelming evidence against co-defendants is without merit." *United States v. Espinosa*, 771 F.2d 1382, 1409 (10th Cir. 1985). Typically, less drastic measures, such as limiting instructions, will cure the risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Here, Wurtz has alleged only that the volume of complex evidence the government will offer against an alleged co-conspirator will spill-over and infuse the government's case against him. This allegation alone does not demonstrate that a joint trial will cause actual prejudice to Wurtz. *See Lopez*, 100 F.3d at 119; *see also United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014) ("The requisite showing of prejudice is not made by . . . a complaint of the 'spill-over' effect of damaging evidence presented against a codefendant. . . . 'Rather, a defendant must

show that he was deprived of his right to a fair trial.'") (quoting *United States v. Zapata*, 546 F.3d 1179, 1191 (10th Cir. 2008)).  The Court also denies Wurtz's motion on this basis.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Wurtz's Motion to Sever (Doc. 73) is denied.

**IT IS FURTHER ORDERED THAT** Wurtz's Motion to Strike Document 141 (Doc. 143) is granted.

**IT IS SO ORDERED.**

**Dated this 8th day of October, 2015, at Topeka, Kansas.**


**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**